UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CHELSEA MONTGOMERY | ) | CASE NO. 23-31645(1)(13) |
| | ) | |
| Debtor(s) | ) | |

## MEMORANDUM OPINION

This matter is before the Court on the Motion to Amend the Order of Confirmation of the Debtor Chelsea Montgomery ("Debtor") seeking to add an unfiled claim of Creditor OnTime Finance, in the amount of $5,000, as secured at 9% interest. Debtor proposes to then increase her Chapter 13 Plan payments from $56.00 bi-weekly to $93.00 bi-weekly beginning in November of 2023 and lasting throughout the remainder of the Plan.

Additionally, Debtor proposes to increase her attorney's fee from the Flat Fee of $2,000 to $4,100, since the amount proposed to be paid into the Plan would exceed $10,000, pursuant to Local Rule 2012-1 and the Administrative Procedures Manual of the United States Bankruptcy Court for the Western District of Kentucky, Section 5-The "Flat Fee" in Chapter 13 Cases.

For the following reasons, the Court will **DENY** the Debtor's Motion to Amend the Order of Confirmation.

## FACTS

On July 18, 2023, Debtor, through her attorneys, Whitfield & Neuhauser, filed a Chapter 13 case, with her Plan stating that Debtor would make Plan payments of $120 per month ($56 bi-weekly) for 60 months. The Plan indicated Debtor's payments on a 2010 Nissan Murano would be paid outside the Plan, with payments to be made directly to the creditor, OnTime Finance. Debtor's

Attorney, Matthew Owens, elected the attorney fee of $2,000 in the Disclosure of Compensation, as provided by Local Rule 2012-1 and the Court's Administrative Manual. *See,* Procedures Manual, Section 5-The "Flat Fee" in Chapter 13 Cases.

On September 5, 2023, the Court confirmed Debtor's Chapter 13 Plan.

On October 24, 2023, Debtor filed a Motion to Amend the Order of Confirmation to include OnTime Finance's unfiled claim at $5,000, as secured with 9% interest, and to increase the Plan payment from $56.00 bi-weekly to $93.00 bi-weekly through the remainder of the Plan. Based upon the increased amount of debt to be paid under the Plan to over $10,000, Debtor, through counsel, requested an increase in the attorney's fee from the flat rate of $2,000 to the flat fee of $4,100 in accordance with Section 5.1 of the Court's Administrative Procedures Manual, The Amount of the "Flat Fee."

On December 19, 2023, the Chapter 13 Trustee filed a Motion to Show Cause why the case should not be dismissed, as the confirmed Plan will not complete at the currently scheduled payment amount.

On December 30, 2023, Debtor's attorney filed an Amended Disclosure of Compensation of Attorney for Debtor indicating a statement balance of $4,100 for Debtor's attorney's fees from the Debtor.

The Court requested Debtor's counsel to file a brief in support of its request to increase its attorney's fees from the Flat Fee of $2,000 initially chosen to $4,100 since the inclusion of the OnTime Finance Claim to be paid through the Plan.

On January 2, 2024, Debtor's counsel filed his Brief in Support of the Motion to Amend the Order of Confirmation to increase the Plan payments to include the OnTime Finance claim and to

increase the attorney's fee to $4,100 since the amount being paid under the Plan would exceed $10,000.

## LEGAL ANALYSIS

The language of § 5.3 of Section 5-The "Flat Fee" in Chapter 13 cases as set forth in this Court's Administrative Procedures Manual, is clear. Counsel is not permitted to seek additional fees from their clients "in any manner or under any circumstances" after counsel elects the Flat Fee. The Court is troubled by the fact that Debtor's counsel was aware of the OnTime Finance unfiled claim at the time the original Plan was drafted. Yet, just over a month later Debtor seeks to add the unfiled claim to the Plan, which increases the amount paid into the Plan and likewise increases the attorney's fees to $4,100.

A review of the file indicates that since the entry of the Order granting the Motion to Amend the Order of Confirmation to include the OnTime Finance unfiled claim in the Plan, the Debtor failed to make payments under the Plan for October and November of 2023.

Furthermore, OnTime Finance has recently filed a Notice of Lapse of Insurance by the Debtor on the 2010 Nissen Murano. If the insurance is not paid by January 12, 2024, the automatic stay will terminate and the Creditor can repossess the vehicle.

In this Court's Opinion in the case *In re Linda Lane*, Case No. 17-32237, this Court discussed the Administrative Rule 5.3 regarding flat fees in Chapter 13 cases. The Court stated:

> The Rule (5.3) was implemented by the judges of the District requiring counsel for debtor at the outset of the case to elect to accept either a flat fee or to seek fees by way of application and order under Federal Rule of Bankruptcy Procedure 2016, under 11 U.S.C. § 330 in accordance with *J.F. Wagner's Sons Co.*, 135 B.R. 264 (Bankr. W.D. Ky. 1991). The Rule was promulgated to prevent debtor's counsel from "double dipping" and gaining extra compensation for normal legal services that should be covered by the flat fee. The Rule was not designed to prohibit debtor's

3

> counsel from filing fee applications for extra work performed on matters outside the realm of an ordinary Chapter 13 case. The Court is entitled to utilize its discretion to provide relief from its own administrative procedure if cause is shown.

DKT No. 72, *In re Linda Lane*, Case No. 17-3227, p.2.

The claim at issue was known to counsel at the outset of the case and it was decided that the claim would not be paid through the Plan. Just over a month later an amendment was filed to add the claim to the case and for it to be paid through the Plan which made the total claims to be paid through the Plan total over $10,000, qualifying the case for increased attorney's fees. However, Debtor has not performed under the Plan and no payments have been made since October, only a month after the Plan's inception. Under the circumstances, the Court cannot approve a higher attorney's fee than the $2,000 fee elected at the outset of the case.

The facts of this case are not on par with those of *In re Linda Lane*, Case No. 17-32237(1)(13). There is nothing extraordinary about this case requiring Debtor's counsel to do any work beyond that of a typical Chapter 13 case. Debtor's counsel statement that he is not seeking fees in addition to the "no-look" fee, but that he is requesting that the amount of the "no-look" fee "be recalculated based upon a post-petition increase in the amount being paid into the Plan based upon Debtor deciding to put her car into the Chapter 13 Plan . . .,"is a distinction without a difference.

A review of the docket sheet in this case indicates that three days after Debtor's counsel filed his brief on the request for an increase in the attorney's fee, on January 5, 2024, OnTime Finance filed a Notice of Lapse of Insurance on the Debtor's vehicle. If Debtor fails to provide proof of insurance by the close of business on January 24, 2024, the automatic stay will terminate pursuant to this Court's Local Rules, and the dealership will pick up the vehicle. Thus, the claim that increased the attorney's fee will no longer exist. Given the short history of this case, it is clear to the

Court that there is no justification for the Court to grant Debtor's counsel's Motion for an increase in the Flat Fee in this case.

## CONCLUSION

For all the above reasons, the Court will **DENY** the Debtor's counsel's Motion requesting an increase in the Flat Fee originally chosen by counsel at the outset of this case.

_____
Joan A. Lloyd
United States Bankruptcy Judge
Dated: January 17, 2024

# UNITED STATES BANKRUPTCY COURT
# FOR THE
# WESTERN DISTRICT OF KENTUCKY

IN RE: )
)
CHELSEA MONTGOMERY ) CASE NO. 23-31645(1)(13)
)
Debtor(s) )

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion to Amend the Order of Confirmation of Debtor Chelsea Montgomery, be and hereby is, **DENIED**.

_____
Joan A. Lloyd
United States Bankruptcy Judge
Dated: January 17, 2024